UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAIN SHOVLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL CARELESS, et al.,<br><br>    Defendants. | Case No. 14-cv-01322-JD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 42 |

Defendants Nigel Warr, Michael Rowe, MoneyExpert Limited, MoneyExpert Holdings Limited and MoneyExpert Insurance Services Limited move to dismiss the complaint for lack of personal jurisdiction, improper venue and forum non conveniens. Dkt. No. 42. The Court grants the motion.

The doctrine of forum non conveniens is based on the inherent power of the courts to decline jurisdiction in extraordinary circumstances. As our circuit court has observed, it is an "exceptional tool to be employed sparingly," *Carijano v. Occidental Petroleum Corporation*, 643 F.3d 1216, 1224 (9th Cir. 2011), but the Court concludes that it is appropriate here. "To prevail on a motion to dismiss based upon forum non conveniens, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Id*.

As a preliminary matter, the Court notes that plaintiff Mr. Shovlin is a citizen of the United Kingdom residing in Illinois. As a foreign plaintiff, his choice of forum is entitled to less deference than that of a plaintiff who resides in this district, and the showing required for dismissal is reduced.

Regarding the existence of an adequate alternative forum, an alternative forum is deemed adequate if the defendant is amenable to process there, and the other jurisdiction offers a satisfactory remedy. Defendants argue that that forum is England. In fact, there is already a case pending in England -- in the High Court of Justice, Queen's Bench Division, Central Office -- that appears to involve the same parties and the same claims, although the parties represent that the UK court has stayed that action in favor of yet another case between the same parties involving the same claims that is pending in the California state appellate court.

Plaintiff does not meaningfully dispute that the UK is an adequate alternative forum, except to raise concerns that "the applicable UK statute of limitations" may "bar many of the claims set forth in this action." Defendants assert that the statute of limitations for defamation is one year in both California and in the UK, but that the UK offers a six-year statute of limitations for several of plaintiff's other tort claims, which is more generous than California's two-year statute of limitations for those same claims.

The Ninth Circuit has stated that "[t]he danger that the statute of limitations might serve to bar an action is one of the primary reasons for the limitation on the court's discretion with respect to the application of the doctrine of forum non conveniens." *Carijano*, 643 F.3d at 1234-35. And although the Court believes plaintiff should not gain any procedural benefit because of his forum-shopping actions here, the Court does find it appropriate to require that defendants treat the statute of limitations on plaintiff's claims as tolled during the pendency of this federal action as a condition of dismissal. Defendants agreed to that tolling at the hearing and the Court orders the limitations period tolled for the time during which this case was pending up to dismissal.

Turning to the private interest factors, the Court observes that the crucial documents and key witnesses in this case will all be in the UK. Excepting the one anonymous "Doe 2" defendant who is alleged to be a citizen of the United States, all eighteen of the remaining defendants are alleged to be citizens of, or headquartered in, the United Kingdom.

Significantly, defendants also assert that plaintiff "will not be able to enforce a judgment from a California court in the United States because these defendants have no property in the United States." The UK court similarly noted that "any judgment obtained by Mr. Shovlin in

California will not be enforceable" in the UK, and that "in other words, if Mr. Shovlin has any idea of enforcing the result of a Californian judgment in [the UK], he will need to relitigate his allegations [in the UK] as if the Californian judgment did not exist." The enforceability of judgment is therefore a factor that weighs heavily in favor of dismissal.

As for the public interest factors the Court is to consider, there is likely to be little to no local interest in the case here, given the citizenship of the parties. It appears likely that UK law will need to be applied, based on the governing law provisions of the relevant contracts. Lastly, the burden on the local courts and juries and the costs of resolving a dispute that is unrelated to this forum will be high and they are not justified.

This is especially so in light of plaintiff's forum shopping, which he candidly admits -- he states outright that he "will make a selection of a Court in which he will prosecute his claims" once the California appellate court rules on defendants' pending appeal. Concerns about forum shopping are "appropriately considered in the forum non conveniens analysis," and here, they "add[] to an overall picture of an effort to take unfair advantage of an inappropriate forum." *Carijano*, 643 F.3d at 1228-29. So plaintiff's forum shopping, too, weighs heavily for dismissal.

Consequently, after carefully considering and weighing the relevant private and public interest factors, the Court dismisses this action without prejudice on forum non conveniens grounds, conditioned on defendants' representation to the Court that they will deem any applicable UK statute of limitations on plaintiff's claims to have been tolled during the pendency of this federal action.

**IT IS SO ORDERED**.

Dated: December 12, 2014

_____
JAMES DONATO
United States District Judge